## Daniel Stringer, plaintiff in error *v.* John Smith and William Smith, defendants in error.

### *Error to Sangamon.*

A writ of error will not lie to the final judgment of the Circuit Court in a case tried by the Court without the intervention of a jury.

This cause was tried at the October term, 1835, of the Sangamon Circuit Court, before the Hon. Thomas Ford, and a judgment rendered for the appellees for $66,88.

C. Walker, for the plaintiff in error.

J. T. Stuart and M. McConnell, for the defendants in error.

Smith, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced before a justice of the peace, and was brought by appeal to the Circuit Court of Sangamon. The cause was tried by the Court without the intervention of a jury. After the plaintiff's evidence was closed, the parties being heard, the cause was left to the Court for its determination on the evidence adduced, and the law arising thereon. The Circuit Court gave judgement for the plaintiffs, and a writ of error is now prosecuted to reverse this judgment.

It appears from the record, that after the judgment had been rendered for the plaintiffs, the defendant's counsel excepted in the words of the bill of exceptions "to the judgment of the Circuit Court." This case is directly in point with the case of Swafford *v.* Dovenor, decided in December term 1834.(1)—The bill of exceptions to the final judgment of the Circuit Court could not lie. It was neither for admitting improper evidence, nor rejecting proper evidence; and there could not occur by any

(1) *Ante* 165. See also Gilmore *v.* Ballard, *Ante* 252; White *et al. v.* Wiseman, *Ante* 169.

possibility, any misdirection to a jury, because there was none. Then the exception would be to the judgment of the Circuit Court on the facts proven and the law of the case; and would, if recognised as a proper course, be equivalent to adopting a new mode for obtaining a new trial or rehearing of the cause.

The defendant should have moved for a non-suit, and, if refused, taken his exceptions to the opinion of the Court in so refusing. He might have also demurred to the evidence, and asked the judgment of the Court on its sufficiency to sustain a recovery, or he might have had a jury, and asked for instructions on the case from the Court. It is, however, wholly unnecessary to re-investigate these points again, because they are examined at large in the case referred to, and no sufficient reasons appear to shake that decision, or show any inconvenience resulting therefrom, as a rule of proceeding, if the parties take the modes of proceeding pointed out in that decision.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See *Ante* 165, note.